## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Cutberto R. P.,

               Petitioner,

v.

Pamela Bondi, et al.,

               Respondents.

**ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

Civil File No. 26-1799 (MJD/DTS)

Taylor Jon Volkman, Carthew & Volkman PLLC, Counsel for Petitioner.

David W. Fuller, Trevor Brown, Assistant United States Attorneys, Counsel for Respondents.

This matter is before the Court on Petitioner Cutberto R. P.'s petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on March 10, 2026.  (Doc. 1.) Petitioner seeks a writ of habeas corpus requiring, among other things, that Respondents immediately release him from custody or in the alternative, that Respondents provide him a bond hearing under 8 U.S.C. § 1226(a).

## I.    FACTS[1] AND DEVELOPMENT OF THE RECORD

Petitioner Cutberto R. P. is a citizen of Mexico and a resident of North Dakota who has lived in the United States since approximately 2020.  (Pet. ¶¶ 1, 14.)  Petitioner is not subject to a final order of removal.  (Id. ¶ 14.)  He is the sole provider for his spouse and three children, who have been forced to sell personal belongings, including their car, due to the financial strain Petitioner's incarceration has cost them.  (Id. ¶ 15.)

On January 7, 2026, Petitioner's spouse picked him up from work with their two minor children in the back seat.  On the way home, local police pulled the car over because the vehicle's front headlights were not working.  (Id. ¶ 16.)  Officers demanded to see Petitioner's I.D., instructed him to exit the vehicle, and arrested him.  (Id. ¶ 17.)  Petitioner was never shown a warrant for his arrest, has

---

[1] Where Respondents do not contest factual allegations in the Petition, the Court will treat those facts as true and admitted.  See Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026) (citation omitted). Likewise, where Petitioner does not contest factual allegations asserted by Respondents and when those facts do not conflict with the facts in the Petition, the Court accepts those facts as true unless otherwise noted.

never been informed that he was arrested due to any criminal conduct, and does not believe officers had probable cause to believe he had committed a crime.  (Id. ¶¶ 18, 49.)

The officers who arrested Petitioner did so pursuant to a § 287 agreement, which delegated ICE power to local law enforcement, and therefore Petitioner was effectively in ICE custody from the time of his arrest.  (Id. ¶ 19.)[2]  Petitioner was detained in two different North Dakota jails before being transferred to the Kandiyohi County Jail in Minnesota where he obtained counsel and where he was in custody when he filed the instant petition.  He claims he is being held without a hearing.  (Id. ¶ 27.)  He seeks his immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).  (Id. at 16-17.)

On the same day Petitioner filed his petition, the Court ordered Respondents to answer the petition by March 12, 2026, and to show cause why the writ should not be granted.  (Doc. 3.)  Respondents were ordered to file

---

[2] See Delegation of Immigration Authority Section 287(g) Immigration and Nationality Act, U.S. Immigr. & Customs Enf't, https://www.ice.gov/identify-and-arrest/287g (last visited Mar. 16, 2026).

"[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition" and to explain "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (Id. at 1-2.)

On March 12, 2026, Respondents filed a motion for an extension to file their response ("the motion for an extension") because although Petitioner stated this was a typical § 1225/§ 1226 case, this is not a typical case: an immigration judge in North Dakota had already afforded Petitioner a § 1226(a) bond hearing and decided that Petitioner should not be released on bond, something Petitioner well knew. (Doc. 5 at 1.) Respondents noted that none of this history was included in Petitioner's petition. (Id. at 2.) They also stated that they provided Petitioner with a copy of the bond decision as part of the meet-and-confer process prior to filing their motion for an extension. (Id. n.1.) Therefore, Respondents requested a one-week extension to file their response in order to set out Petitioner's immigration court history; introduce supporting documents, including the I-200 warrant for arrest; and to "pivot" to the issue of whether there was a valid warrant at the time of Petitioner's arrest, an issue that was not

4

raised in Petitioner's grounds for relief.  (Id. at 2-3.)  Petitioner responded to this

request stating, among other things, the following:

> The Government claims it needs an extra week to prepare an
> extensive declaration describing Petitioner's immigration history
> and to produce documents.  Again, this just is not true.  The relevant
> information from Petitioner's immigration case is simple.  ICE
> arrested Petitioner and initiated deportation procedures in January.
> Petitioner had a bond hearing on February 27.  Bond was denied.
> On March 10, 2026, a removal order was entered against Petitioner.
> The order is not final and can be appealed.  This information, along
> with orders from the immigration court, the warrant, and the NTA
> were provided to Petitioner's counsel by the Government's counsel
> on the morning of March 11.  There is no reason an extra week is
> needed to submit the same information and documents to the Court.

(Doc. 6 at 2 (internal citation omitted).)

This representation was not at odds with the representation of

Respondents vis-à-vis the existence of documentation.  Based on the parties'

representations that the documents necessary for the Court to decide this matter

existed and that Respondents had them at hand, the Court denied Respondents'

motion because more time did not seem necessary for Respondents to craft a

meaningful response to the petition. (Doc. 7.)

Respondents filed a late response on March 13, 2026.  (Doc. 8.)  They argue

that contrary to Petitioner's allegations that Respondents are unlawfully

5

classifying his detention as arising under § 1225(b), nobody other than Petitioner is saying that § 1225(b) is the basis for his detention in this case.  (Id. at 1.) Respondents state that Petitioner is being detained under § 1226(a) and the proof is that he had a bond hearing under this section and was denied bond.  (Id.) Respondents also complain they are "unable to present a factual record and reasoned memorandum explaining the lawfulness of Petitioner's detention" because the Court denied their motion for an extension.  (Id. at 2.)

The Court finds this argument without merit.  Based on Respondents' arguments in support of their motion for an extension and on Petitioner's response to that motion, it appears that the factual record necessary to support Respondents' assertions existed on March 12 and, at the very least, that these documents should have been filed with the Court.  Merely teasing the existence of relevant evidence without giving the Court anything other than he-said vs. they-said assertions is unresponsive.

Moreover, to the extent these documents are in the hands of Petitioner, he should have filed them with the Court.  Petitioner's failure to include relevant procedural history in his petition has not earned him any goodwill with the

6

Court.  That Petitioner could somehow think the immigration proceedings were irrelevant is astonishing, if, indeed, that was the reason this procedural history was omitted from the petition.  The immigration proceedings were obviously relevant, especially to a case where Petitioner surprisingly asks for a hearing he has already received from the immigration court.

## II.   DISCUSSION

The  Court must, as always, address its jurisdiction.  Although he has not said he will appeal the immigration court's decision, Petitioner acknowledged that the decision is appealable, which, for instant purposes, renders his immigration case ongoing before that court.  This is no impediment to the Court's subject matter jurisdiction over the instant case, however.  Although exhaustion of administrative remedies is the norm in most instances, "[t]here is no statutory requirement that a habeas petitioner exhaust his administrative remedies before challenging his immigration detention [in federal court]." Araujo-Cortes v. Shanahan, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014); Yeferson G.C. v. Easterwood, No. 25-CV-4814 (MJD/DJF), 2026 WL 207266, at *3 (D. Minn. Jan. 21, 2026), R&R adopted, 2026 WL 209825 (D. Minn. Jan. 27, 2026).

Respondents tacitly admit that the warrant for Petitioner's arrest was administratively issued after-the-fact.  The Court cobbles this together because Respondents argue that to "the extent Petitioner asserts that he is entitled to release because the warrant for his arrest did not precede the actual arrest, that argument fails as a matter of law."  (Doc. 8 at 2 (citing, inter alia, Fernando C.C. v. Bondi, Case No. 26-cv-1235 (LMP/JFD), 2026 WL 446408 (D. Minn. Feb.17, 2026); 8 U.S.C. § 1357).)  Respondents read Fernando C.C. too broadly.  The case does not stand for the proposition that all warrantless arrests are fine as long as warrants are issued in a timely manner after the arrests.  Fernando C.C. specifically did not decide whether immigration officials had probable cause to conduct a warrantless arrest in that case.  2026 WL 446408 at *5 (citing 8 U.S.C. § 1357(a)(2) (a warrantless arrest is authorized only if the arresting officer has "reason to believe" that the individual arrested "is likely to escape before a warrant can be obtained for his arrest")).  Explaining that does little to help the Court decide the case before it, though, because Respondents do not say whether arresting officers had reason to believe Petitioner would escape before an arrest warrant could be obtained.

8

Respondents also state that because the petition is based on the untrue premise that Petitioner has been detained pursuant to § 1225(b), the petition should be denied on that basis alone.  (Doc. 8 at 2.)  Respondents are correct: the petition is largely based on Petitioner being detained under 8 U.S.C. § 1225(b).  The Court is at a loss as to why Petitioner would argue that he is being detained pursuant to statutory authority that he knows Respondents do not rely upon to justify his continued detention.  The evidence for this is that while in North Dakota, Petitioner had a bond hearing pursuant to § 1226(a).

Likewise, Petitioner states that he is being detained "without a hearing." (Pet. ¶ 27.)  This is clearly untrue.  Petitioner concedes that he was given a bond hearing under § 1226(a), which is the very type of bond hearing he asks for in his prayer for relief.  (Doc. 6 at 2.)  Accordingly, the Court is again at a loss as to why Petitioner included this request in his prayer for relief and made no attempt to correct this error in a reply memorandum.[3]

---

[3] Even giving Petitioner's counsel the benefit of the doubt that <u>he</u> may not have known this was untrue at the time he filed the petition, days before the reply brief was due, counsel knew Petitioner had been afforded a § 1226(a) bond hearing.  The parties discussed this during meet and confer talks related to

Therefore, although he failed to take advantage of the opportunity to file a reply, the Court assumes that Petitioner's only remaining argument is that his arrest was warrantless.  (Pet. ¶¶ 49–59.)  Respondents also appear to assume this is the case.  (Doc. 8 at 1 (stating that it is untrue that Petitioner's arrest was warrantless and was not preceded by a Notice to Appear) (citing Pet. ¶¶ 49, 55)).)

## III.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  District courts have jurisdiction to hear habeas challenges to immigration-related detention.  Zadvydas v. Davis, 533 U.S. 678, 687 (2001).  The petitioner bears the burden to prove illegal detention by a preponderance of the evidence.  See, e.g., Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *3 (D. Minn. Oct. 1, 2025).

---

Respondents' motion for an extension.  During those talks, Respondents' counsel even offered to "stipulate to an order granting Petitioner leave to file an amended petition to accurately reflect the prior immigration court proceedings. Petitioner declined the invitation."  (Doc. 5 at 2 n.1.)

10

Based on the foregoing discussion, the Court makes the following findings. First, the Court finds that although it is required to adopt unopposed facts from the Petition as true, the petition contains untrue statements, such as that Petitioner is being held pursuant to § 1225(b)(2); that he has been denied a bond hearing; and that he is entitled to a bond hearing under § 1226(a), a hearing Petitioner admits he already had.

Second, at least by the time Respondents' response to the Petition was due, both parties were in possession of the documents underlying Respondents' (and likely Petitioner's) arguments. This was obvious because both parties cited the documents in briefing related to Respondents' motion for an extension. However, neither party filed these documents with the Court.

Third, Petitioner has not satisfied his burden to prove illegal detention by a preponderance of the evidence. In so many of the over 1000 immigrant habeas cases filed in this District in the past three months, petitioners have not been in possession of the documents that could support their claims and had to wait until respondents filed a response and, hopefully, filed documents that were helpful to the petitioners. That was not the case here. By all accounts,

11

everything necessary for both parties to make arguments was provided from

Respondents to Petitioner during the meet-and-confer process regarding

Respondents' motion for an extension.  Petitioner did not take advantage.  He

admits that Respondents provided a warrant and an NTA, but he then failed to

explain how those documents were deficient.  (Doc. 6 at 2; see also n.2 (stating

that "the warrant issue is simple" and that Petitioner's counsel had dealt with the

issue many times when "a warrant pops up").)  Because Petitioner not only had

the burden, but also had the opportunity for the last word with the chance to file

a reply, the Court concludes that Petitioner has not shown by a preponderance of

the evidence that he is being illegally detained.  See Belsai, 2025 WL 2802947, at

*3.  Therefore, his petition will be denied.

## IV.   ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED**:

1. Petitioner Cutberto R. P.'s petition for writ of habeas corpus **[Doc. 1]** is

   **DENIED**; and

2. The petition is **DISMISSED without prejudice**.

12

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  March 18, 2026                    s/Michael J. Davis
                                          Michael J. Davis
                                          United States District Court